IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARA MAASS MEDICAL CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services, <br><br> Defendant. | Civil Action No. 1:08-CV-00712 (RMU) |

## ANSWER

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (Secretary), by and through undersigned counsel, hereby answers the complaint in the above-captioned matter.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs failed to exhaust administrative remedies and waived the opportunity to raise this challenge in Court by failing to raise these issues during the notice and comment period.  See Natural Resources Defense Council, Inc. v. EPA, 25 F.3d 1063, 1074 (D.C. Cir. 1994).

### THIRD DEFENSE

Using the same numbering as the Complaint, the Secretary answers the numbered paragraphs of the Complaint as follows:

**Nature of the Claim**

1.   Admits that plaintiffs are hospitals that participate in the Medicare program and provided outpatient hospital services in some portion of the named years, and that the Secretary used what plaintiffs call the "blended amount methodology" to pay for certain outpatient department services until implementation of the new outpatient prospective payment system on August 1, 2000. The balance of this paragraph contains only conclusions of law and plaintiffs' characterization of this action, to which no response is required; to the extent a response is deemed necessary, denies.

2.   This paragraph contains only plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent a response is deemed necessary, denies.

**Jurisdiction and Venue**

3-5.   These paragraphs contain conclusions of law regarding jurisdiction and venue, to which no response is required.

**Parties**

6.   Admits that plaintiffs are acute care hospitals located in the State of New Jersey that participated in the Medicare program during the named fiscal years; defendant lacks knowledge or information as to the non-profit status of plaintiffs. The balance of this paragraph contains only conclusions of law to which no response is required.

7.   Admits that plaintiffs participated in a group appeal before the Provider Reimbursement Review Board (PRRB), that the PRRB granted expedited judicial review by letter dated February 27, 2008, and the existence of 42 U.S.C. § 1395oo(f). The Court

is respectfully referred to 42 U.S.C. § 1395oo(f) and to the PRRB's February 27, 2008 letter, see Certified Administrative record ("A.R") 1-3, for a full and accurate statement of their contents. The balance of this paragraph contains only conclusions of law and plaintiffs' characterizations of the administrative appeals and this action, to which no response is required.

      8.     Admits.

**Statutory and Regulatory Background**

      9.     Admits that plaintiffs entered into written agreements with the Secretary regarding the furnishing of services to Medicare beneficiaries and admits the existence of 42 U.S.C. § 1395cc, to which the Court is respectfully referred for a full and accurate statement of its contents. The balance of this paragraph contains only plaintiffs' characterizations of the Medicare program and conclusions of law, to which no response is required.

      10-11.  Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. § 1395 et seq. The balance of these paragraphs contains only conclusions of law to which no response is required.

      12.    This paragraph contains only plaintiffs' characterization of this action to which no response is required.

      13.    This paragraph contains only plaintiffs' characterizations of the Medicare program and conclusions of law, to which no response is required; the Court is respectfully referred to the cited statutory provisions, 42 U.S.C. §§ 1395h, 1395kk-1, for a full and accurate statement of their contents.

      14.    Admits the existence of the cited statute, Pub. L. No. 89-97, 79 Stat. 291 (1965),

to which the Court is respectfully referred for a full and accurate statement of its contents. The balance of this paragraph contains only conclusions of law to which no response is required.

15. This paragraph contains only conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

16-17. Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. § 1395x(v). The balance of these paragraphs contains conclusions of law to which no response is required.

18. Admits the existence of the cited judicial opinion, to which the Court is respectfully referred for a full and accurate statement of its contents. See St. Mary of Nazareth Hosp. Ctr. v. Heckler, 760 F.2d 1311 (D.C. Cir. 1985). The balance of this paragraph contains only conclusions of law to which no response is required; to the extent that a response is deemed necessary, denies.

19. Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. §§ 1395x(v)(1)(S)(ii)(I), (II). The balance of this paragraph contains only conclusions of law to which no response is required.

20. Admits the existence of the cited statutes, to which the Court is respectfully referred for a full and accurate statement of their contents. See Pub. L. No. 105-33, 111 Stat. 444 (1997); Pub. L. No. 106-113, 113 Stat. 1501A-341 (1999). The balance of this paragraph contains only conclusions of law to which no response is required.

21. This paragraph contains only conclusions of law to which no response is required.

22-23. Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. §§ 1395*l*(i)(1), (3)(A). The balance of these paragraphs contains only conclusions of law to which to response is required.

24. Admits that the application of the "ASC rate" methodology might result in a lower Medicare payment amount than application of the reasonable cost methodology. The balance of this paragraph contains only conclusions of law and plaintiffs' characterization of the referenced statutory provision, to which no response is required. The Court is respectfully referred to the referenced statutory provision, 42 U.S.C. § 1395*l*(i)(3)(A), for a full and accurate statement of its contents.

25-26. Admits the existence of the cited statutory and regulatory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 U.S.C. § 1395*l*(n)(1); 42 C.F.R. §§ 413.118, 413.122. The balance of these paragraphs contains only conclusions of law to which no response is required.

27. This paragraph contains only conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

28. Admits the existence of the cited statutory provision, to which the Court is respectfully referred for a full and accurate statement of its contents. See Pub. L. No. 105-33 § 4523. The balance of this paragraph contains only conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

29. Admits the existence of the cited statutory provision, to which the Court is respectfully referred for a full and accurate statement of its contents. See Pub. L. No. 105-33 §

4522. The balance of this paragraph contains only conclusions of law to which no response is required.

30.     Admits the existence of the cited statutory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See Pub. L. No. 105-33 § 4523; 42 U.S.C. §§ 1395*l*(i), (n). The balance of this paragraph contains only conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

31.     Admits the existence of the cited regulatory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents. See 42 C.F.R. §§ 413.118, 413.122. The balance of this paragraph contains only conclusions of law to which no response is required; to the extent a response is deemed necessary, denies that the statutory authority for the "blended payment amount" was terminated.

32-33.  Admits the existence and publication of the cited proposed rule, to which the Court is respectfully referred for a full and accurate statement of its contents. See 63 Fed. Reg. 47,552 (Sept. 8, 1998). The balance of these paragraphs contains only conclusions of law and plaintiffs' characterizations of the proposed rule, to which no response is necessary.

34.     Admits the first phrase, but respectfully refers the Court to the cited rule for a full and accurate statement of its contents; the second phrase is ambiguous and is denied insofar as it suggests that the rule did not discuss how payment would be handled prior to promulgation of the new rule. See 63 Fed. Reg. at 47605-06. The balance of this paragraph contains only conclusions of law and plaintiffs' characterizations of the proposed rule, to which no response is required.

35-36.  Admits the existence of the cited statutory provision, to which the Court is

referred for a full and accurate statement of its contents.  See Pub. L. No. 106-113 § 201(k).  The balance of these paragraphs contains only conclusions of law to which no response is required.

      37-39.  Admits the existence and publication of the cited regulatory provisions, to which the Court is respectfully referred for a full and accurate statement of their contents.  See 65 Fed. Reg. 18,434 (Apr. 7, 2000);  65 Fed Reg. 40535 (June 30, 2000).  The balance of these paragraphs contains only conclusions of law to which no response is required.

      40-45.  These paragraphs contain plaintiffs' characterizations of the Medicare program and conclusions of law, to which no response is required.  Defendant admits the existence of the cited statutory and regulatory provisions, as well as the cited judicial opinion, to which the Court is respectfully referred for a full and accurate statement of their contents.  See 42 U.S.C. §§ 1395 et seq.; 42 C.F.R. pt. 405 & § 413.20; Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399 (1988).

      46.    Admits the existence of the cited statutory provision, to which the Court is respectfully referred for a full and accurate statement of its contents.  See 5 U.S.C. § 706.  The balance of this paragraph contains only conclusions of law to which no response is required.

      47.    Admits that plaintiffs are acute care hospitals located in the State of New Jersey that participated in the Medicare program during the fiscal years at issue in this case; defendant lacks knowledge or information as to the non-profit status of plaintiffs.  The balance of this paragraph contains only conclusions of law to which no response is required.

      48.    Admits that the cost reporting periods at issue in this case include a portion of the period beginning on January 1, 1999 and ending on July 31, 2000.  The balance of this paragraph contains conclusions of law and plaintiffs' characterizations of this action, to which no response is required; to the extent a response is deemed necessary, denies.

49. Admits that each of the plaintiffs filed a cost report *for* each of the fiscal years at issue.

50. Admits that plaintiffs filed cost reports reflecting their claimed costs and blended rates related to some outpatient services. The balance of this paragraph contains only conclusions of law to which no response is required.

51-54. Admits

55. Admits that fiscal intermediaries did not reimburse plaintiffs for the full amount of claimed costs. The balance of this paragraph contains conclusions of law to which no response is required.

56. Admits that plaintiffs pursued a group appeal before the PRRB. The balance of this paragraph contains only plaintiffs' characterization of that administrative appeal and conclusions of law, to which no response is required; to the extent a response is deemed necessary, denies that reimbursement for reasonable costs for the services at issue was required by law.

57. Admits that, by letter dated February 27, 2008, the PRRB granted plaintiffs' request for expedited judicial review ("EJR"). The Court is respectfully referred to the PRRB's February 27, 2008 letter for a full and accurate statement of its contents. See A.R. 1-3. The balance of this paragraph contains only conclusions of law and plaintiffs' characterization of the administrative appeal, to which no response is required.

58. Defendant incorporates by reference his responses to paragraphs 1 through 57 as though fully set forth herein.

59-71. These paragraphs contain only plaintiffs' characterizations of this action and

conclusions of law, to which no response is required; to the extent that a response is deemed necessary, denies. The Court is respectfully referred to the cited statutory provisions, regulations, and judicial opinions for a full and accurate statement of their contents.

The balance of plaintiffs' Complaint constitutes a prayer for relief, to which no answer is required. Defendant denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

WHEREFORE, defendant requests that plaintiffs' prayer for relief be denied, that this action be dismissed with prejudice, and that defendant be awarded his costs and such other relief as may be appropriate.

Dated: August 15, 2008                    Respectfully submitted,

                                          GREGORY G. KATSAS
                                          Assistant Attorney General

                                          JEFFREY A. TAYLOR
                                          U.S. Attorney for the District of Columbia

                                          SHEILA LIEBER
                                          Deputy Director, Federal Programs Branch

                                    By:   /s/ Kyle R. Freeny
                                          KYLE R. FREENY (California Bar # 247857)
                                          Trial Attorney, Federal Programs Branch
                                          U.S. Department of Justice, Civil Division
                                          P.O. Box 883, Washington, DC 20044
                                          Telephone: (202) 514-5108
                                          Facsimile: (202) 616-8202
                                          Email: Kyle.Freeny@usdoj.gov
                                          *Counsel for Defendants*